# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| The Minor A.P., by and through her parents, JOSE M. PANTOJA and TATYANA NEKTALOV, and JOSE M. PANTOJA and TATYANA NEKTALOV, individually, <br><br> **Plaintiffs**, <br><br> v. <br><br> The minor S.M., by and through his parents, ZIBO "DOE" and "JOHN" MAMATKULOV, MOISTYRAMP LLC d/b/a Cataño Water Sports, and JOHN DOE, an unknown individual, <br><br> **Defendants**. | **Civil No. 2025cv1115** <br><br> **In Admiralty** |

## COMPLAINT

**COMES NOW,** Plaintiffs, The Minor A.P., and her parents, Jose M. Pantoja, and Tatyana Nektalov individually and in representation of A.P., through the undersigned counsel, and with utmost respect STATE, ALLEGE and PRAY as follow:

### I. INTRODUCTION

1. This is a civil action for personal injuries suffered by A.P., a minor, due to the negligence and strict liability of the Defendants. The causes of action include the negligent and unlawful rental of a jet ski to a minor without proper safety training,

negligent operation of the jet ski by the minor S.M., and vicarious liability against S.M.'s parents under Puerto Rico law. Additionally, MoistyRamp LLC failed to ensure compliance with applicable maritime safety statutes, leading to a severe accident and injuries to A.P.

## II. PARTIES

2. Plaintiff A.P. is a minor residing in New York, represented by her parents, Jose M. Pantoja and Tatyana Nektalov.

3. Plaintiffs Jose M. Pantoja and Tatyana Nektalov are residents of New York and are the parents of A.P.

4. Defendant S.M. is a minor residing in New York.

5. Defendants Zibo "Doe" and "John" Mamatkulov are residents of New York and are the parents of S.M.

6. Defendants Zibo "Doe" and "John" Mamatkulov are referred to as such because their full and complete names are currently unknown to Plaintiffs. Plaintiffs will amend this complaint to reflect their true names once their identities are discovered.

7. Defendant Moistyramp LLC d/b/a Cataño Water Sports is a business entity based in San Juan, Puerto Rico, engaged in the rental of recreational watercraft.

8. Defendant JOHN DOE, whose identity is currently unknown, is the owner of the jet ski involved in the accident and is also jointly liable for the injuries sustained by A.P.

9. Defendant ABC INSURANCE COMPANY, whose identity is currently unknown, is the insurer of Moistyramp LLC and is directly liable for damages under the Puerto Rico direct action statute.

10. Defendant XYZ INSURANCE COMPANY, whose identity is currently unknown, is the insurer of Zibo (Last Name Unknown) and/or "John" Mamatkulov and is directly liable for damages under the Puerto Rico direct action statute.

11. Defendant 123 INSURANCE COMPANY, whose identity is currently unknown, is the insurer of JOHN DOE and is directly liable for damages under the Puerto Rico direct action statute.

## III. JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333, as it involves a maritime tort occurring on navigable waters, invoking admiralty and maritime jurisdiction.

13. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## IV. FACTUAL ALLEGATIONS

14. A.P., S.M., and two other underage friends (a girl and a boy) traveled to Puerto Rico to celebrate the girl's birthday.

15. On February 1, 2025, the group decided to go jet skiing and arrived at MoistyRamp's rental location on the west side of the San Juan harbor in the Municipality of Cataño.

16. Upon arrival, they were greeted by a male staff member from MoistyRamp LLC.

17. The staff did not provide any training or warnings regarding how to safely operate the jet skis or any safety precautions.

18. The staff took the group's identification cards to hold on to them while the kids rode the jet skis but did not verify their dates of birth or inquire about their ages.

19. The staff provided only a document for them to sign and instructed them not to go past some floating cones.

20. S.M. falsely claimed that he knew how to operate a jet ski, although this was his first time doing so.

21. During the ride, S.M. operated the jet ski in a reckless and dangerous manner, making sudden and sharp turns at high speeds and approaching other riders closely and unsafely.

22. After seeing S.M.'s erratic behavior, the other three minors asked S.M. to calm down, be more careful and keep a safe distance to avoid an accident.

23. Approximately 50 minutes into the ride, S.M. was riding behind A.P. at full speed without maintaining a safe distance.

24. A.P. was unaware that S.M. was riding behind her.

25. When A.P. made a right turn, S.M. had no time to react, resulting in a collision with A.P.'s jet ski and causing severe injuries to A.P.

26. As a result of the accident, A.P. suffered multiple injuries, including fractures of the ribs, a pneumothorax, a liver laceration, a lumbar transverse process fracture, subarachnoid hemorrhage (SAH), and a right posterior acetabular fracture.

27. A.P. received extensive medical treatment, including multiple surgeries and prolonged hospitalization, to address her injuries.

28. Jose M. Pantoja and Tatyana Nektalov incurred significant expenses and lost income due to their travel to Puerto Rico to care for their daughter during her recovery.

29. The jet skis were rented from Moistyramp LLC, which negligently rented the jet ski to S.M., a minor, without obtaining parental consent and failed to provide proper training or safety instructions.

30. Defendant JOHN DOE is the owner of the jet ski and, pursuant to 12 LPRA § 1406(6)(h), is jointly liable for damages caused by the use of the watercraft.

31. Moistyramp LLC's actions violated 12 LPRA § 1406(6)(g), which mandates adherence to safety standards in the rental of recreational watercraft, thereby breaching their duty of care.

## V. CAUSES OF ACTION

### Count I: Negligence Against Moistyramp LLC

32. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33. Moistyramp LLC owed a duty of care to A.P. to ensure the safe rental of jet skis, including verifying the age and obtaining parental consent for minors.

34. Moistyramp LLC breached this duty by renting a jet ski to S.M., a minor with no experience in riding jet skis, without parental consent and failing to provide proper training or safety instructions.

35. As a direct and proximate result of Moistyramp LLC's negligence, A.P. suffered severe injuries and damages.

### Count II: Pennsylvania Rule Strict Liability Against Moistyramp LLC

36. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

37. Under the maritime doctrine of the Pennsylvania Rule, a party who violates a statutory safety requirement related to navigation is presumed at fault in a maritime accident unless it can prove that the violation did not cause the accident.

38. Moistyramp LLC violated 12 LPRA § 1406(6)(g) by failing to adhere to statutory safety requirements in several ways. The company did not verify S.M.'s qualifications to safely operate the jet ski, neglected to provide proper training or safety instructions, and allowed S.M., who was 17 years old, to operate the jet ski alone without supervision or parental consent. These omissions directly contributed to the unsafe operation of the jet ski, leading to the accident and severe injuries sustained by A.P.

39. As a direct result of this statutory breach, A.P. suffered severe injuries and damages.

**Count III: Vicarious Liability Against Zibo "Doe" and "John" Mamatkulov**

40. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

41. Under Puerto Rico law, Zibo "Doe" and "John" Mamatkulov, are vicariously liable for the negligent actions of their minor child, S.M.

42. As a direct and proximate result of S.M.'s actions, A.P. suffered severe injuries and damages.

**Count IV: Joint Liability Against JOHN DOE Under 12 LPRA § 1406(6)(h)**

43. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

44. JOHN DOE, as the owner of the jet ski involved in the accident, is jointly liable under 12 LPRA § 1406(6)(h) for the damages caused by its operation.

45. As a direct result of the joint negligence and statutory violations, A.P. suffered severe injuries and damages.

**Count V: Negligence Against S.M.**

46. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

47. S.M. owed a duty of care to others, including A.P., to operate the jet ski in a safe and responsible manner.

48. S.M. breached this duty by negligently operating the jet ski, including failing to maintain control, navigate safely, and avoid collisions.

49. As a direct and proximate result of S.M.'s negligent operation of the jet ski, A.P. suffered severe injuries and damages.

## Count VI: Direct Action Against Insurers Under Puerto Rico Law

50. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

51. Defendant ABC INSURANCE COMPANY, as the insurer of Moistyramp LLC, is directly liable for damages caused by the acts and omissions of its insured under Puerto Rico's direct action statute.

52. Defendant XYZ INSURANCE COMPANY, as the insurer of Zibo "Doe" and "John" Mamatkulov, is directly liable for damages caused by the acts and omissions of its insureds under Puerto Rico's direct action statute.

53. Defendant 123 INSURANCE COMPANY, as the insurer of JOHN DOE, is directly liable for damages caused by the acts and omissions of its insureds under Puerto Rico's direct action statute.

54. As a direct result of the acts, omissions, and statutory breaches by the insured parties, A.P. suffered severe injuries and damages.

## Count VII: Punitive Damages

55. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

56. According to the Puerto Rico Navigation and Aquatic Safety Act, if as a consequence of operating a vessel or navigation vehicle a person causes a bodily injury

requiring medical attention, specialized professional assistance or ambulatory treatment, he/she shall incur a fourth degree felony. 12 L.P.R.A. § 1404(10)(g).

57. In addition, the violation of any provision of § 1406 of the Act constitutes a misdemeanor.

58. Under Puerto Rico law, when the conduct causing harm constitutes a crime, the court may impose punitive damages equal to the amount of actual damages sustained.

59. As a result of Defendants' criminal conduct, Plaintiff is entitled to punitive damages in an amount equal to the actual damages suffered by Plaintiff, including but not limited to medical expenses, pain and suffering, emotional distress, and lost wages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, awarding:

A. Compensatory damages in an amount of at least $5,000,000.00;

B. Costs and expenses incurred in this action;

C. As a result of Defendant's criminal conduct, Plaintiff is entitled to punitive damages in an amount equal to the actual damages suffered by Plaintiff, including but not limited to medical expenses, pain and suffering, emotional distress, and lost wages.

D. Pre- and post-judgment interest as allowed by law; and

E. Such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** in this 21st day of February 2025.

**CASTAÑER & BAELLA LLC**
MAI Center
Marginal Kennedy
771 Cll 1, Ste 204
San Juan, PR 00920
Tel. (787) 707-0802
Fax:1(888) 227-5728
alberto@castanerlaw.com

Attorneys for Plaintiffs

By:s/Alberto Castañer
**Alberto J. Castañer**
USDC-PR No. 225706